374 So.2d 199 (1979)
MITCHELL BROTHERS, Paul Mitchell and James Mitchell
v.
F. N. DINVAUT, Jr.
No. 10266.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1979.
Rehearing Denied September 10, 1979.
Writ Refused October 26, 1979.
*200 Talbot, Sotile, Carmouche, Waguespack & Marchand, Victor L. Marcello, Donaldsonville, for plaintiffs-appellees.
Leon C. Vial, III, Hahnville, for defendant-appellant.
Before GULOTTA, STOULIG and BEER, JJ.
GULOTTA, Judge.
Plaintiffs, sublessees of ninety-two acres, more or less, of sugar cane farmland located in Edgard, Louisiana, was awarded a judgment in the sum of $6,800.00 against the defendant lessee, F. N. Dinvaut, Jr. We affirm.
The lessee had leased the property from Herman Abadie who, along with other members of the Abadie family, owned the property. The acreage had been leased by the Abadies to Dinvaut for several years, and particularly for the years 1976 and 1977, on a year to year basis. It is undisputed by the parties that in the oral lease agreement between the Abadies and Dinvaut, the lessee did not have the right to sublease the property. Despite this prohibition, the defendant subleased to plaintiffs for the year 1976 and 1977 at a rental of $7,500.00 per year, or $15,000.00 for the two years.
Plaintiffs occupied and cultivated the land from February 1976 through February 1977 when their occupancy was terminated by the lessors. According to the Abadies, because Dinvaut subleased the property (despite the prohibition against subleasing) the lessee breached the oral year to year lease agreement. Consequently, the Abadies refused to continue, in effect, the lease agreement thereby resulting in plaintiffs' eviction in February 1977. As a result, this litigation followed.
The primary thrust of plaintiffs' claim, originally directed against the lessee and later amended to include the lessors, is that Dinvaut subleased the acreage for a two year period despite the fact that lessee enjoyed only a year to year lease from the owners. Although awarded $6,800.00 in the trial court, plaintiffs, in answer to lessees' appeal, claim the award is inadequate. Plaintiffs claim further, based on a theory of unjust enrichment, that they are entitled to judgment against the Abadies.
The trial judge in awarding judgment in favor of plaintiffs, concluded that Dinvaut subleased the property to plaintiffs "for two years" although Dinvaut's lease was "for only one year". A third party demand by Dinvaut against lessor for improvement to the leased premises, as well as for indemnification for any judgment for which he may be cast, was dismissed by the trial judge. Lessor's reconventional demand for loss of income and loss of value of the land because of poor maintenance was also dismissed. The trial judge also concluded that the plaintiffs' loss could not be imputed to the Abadies.
Defendant, appealing, claims the trial judge manifestly erred in his factual finding that lessee subleased the property for a two year period. Defendant's primary argument is that the lease between himself and lessor was on a year to year basis and that he, Dinvaut, knew that he could not convey greater rights (a two year lease *201 term) than he possessed in the lease from the Abadies. Under the circumstances, defendant argues, it is not reasonable to believe that he would have leased the property to plaintiffs for a two year period. We find no merit to this argument.
The testimony regarding the term of the sublease is contradictory. The plaintiff testified that Dinvaut orally subleased the property to them for a two year period. On the other hand, defendant and his major son, who was present during some of the negotiations, testified that the property was leased to plaintiffs on a year to year basis. The trial judge accepted the plaintiffs' testimony and rejected that of defendant and his corroborating witness. Not only can we not conclude the trial judge erred in his evaluation of the evidence, but our consideration of the testimony leads to the same factual conclusion as made by the trial judge. Accordingly, we find no difficulty in affirming the judgment recognizing plaintiffs' entitlement to damages against Dinvaut.
More perplexing, however, is the amount of the award to which plaintiffs are entitled. The $6,800.00 award granted by the trial judge is based upon plaintiffs' testimony that in 1976 approximately 34 acres of new seed was planted, to be harvested in 1977, together with Dinvaut's testimony that the newly planted cane was "worth" approximately $200.00 per acre. Plaintiffs, however, in answer to the appeal, claim the trial judge erred in failing to award to them costs for machinery, incurred in anticipation of use in the expected 1977 harvest, as well as damages for loss of good will and business reputation, together with damages for mental anguish, worry and inconvenience. We reject these contentions.
Evidence supportive of plaintiffs' claim for an increase in the award is woefully lacking. Although it is true that the Mitchells purchased farm equipment in anticipation of use on the acreage involved in this litigation, plaintiffs had under lease two other acreage tracts immediately adjacent to the 92 acres involved in this case. Moreover, the Mitchells failed to establish with any degree of certainty[1] the amount of loss incurred from purchases of equipment in 1976 in contemplation of the 1977 harvest, if indeed any losses were incurred.
Furthermore, despite the fact that plaintiffs produced evidence of purchase of farm equipment and testified that the equipment was lost as a result of the loss of profits from the 1977 harvest, the record fails to establish the amount of that loss and whether or not the equipment could have been used on the remaining acreage leased by plaintiff. Any award for loss of costs incurred by plaintiffs, based on the evidence in the instant case, would be speculative.[2]
Additionally, we find no merit to plaintiffs' claim for damages based on loss of good will and mental anguish. The record is devoid of any evidence supporting these claims. Again, plaintiffs' proof is lacking.
Having so concluded, we find plaintiffs are not entitled to an increase in the amount of the $6,800.00 award.
We do not consider plaintiffs' claim, raised in answer to the appeal, that they are entitled to judgment against the Abadies. Plaintiffs did not appeal the dismissal in the trial court of their claim against the owners. Well established in our jurisprudence is the rule that an appellee, in answer to an appeal, may have the judgment appealed from modified or revised only as between himself and the appellant. (In our case as between Plaintiffs and Dinvaut). In order to obtain relief against the Abadies (dismissed in the trial court) plaintiffs were *202 required to file a motion for appeal and not simply answer Dinvaut's appeal. See Barrois v. Noto, 215 So.2d 676 (La.App. 4th Cir., 1968), writ denied, 253 La. 301, 217 So.2d 406 (1968) and writ denied 253 La. 322, 217 So.2d 414 (1969); Alleman v. Sentry Insurance Company, 257 So.2d 799 (La.App. 3rd Cir., 1972), writ denied, 261 La. 466, 259 So.2d 915 (1972).
Finally, we do not consider the Abadies' answer to the appeal for loss of income and value of the land, as asserted in their reconventional demand. The answer was untimely filed. LSA-C.C.P. article 2133 states that an answer to an appeal must be filed not later than 15 days after the return day or the date the record is lodged in this court, whichever is later. The appeal was lodged on January 12, 1979 and the extended return day was January 20, 1979. The Abadies' answer to the appeal was filed on February 15, 1979. Because the answer was not filed within fifteen (15) days of the extended return day, i. e., January 20th, the answer to the appeal will not be considered. See McCaskill v. Deviney Construction Company, 323 So.2d 178 (La.App. 3rd Cir., 1975), writ denied, 325 So.2d 615 (La.1976); Cefalu v. N. Cefalu Company, 253 So.2d 547 (La.App. 1st Cir., 1971).
Consistent with the foregoing, the judgment is affirmed.
AFFIRMED.
NOTES
[1] Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1 (1963); Johnson v. Travelers Indemnity Company, 309 So.2d 357 (La.App. 2nd Cir., 1975), writ denied 313 So.2d 604 (La. 1975).
[2] Proof which establishes only possibility, speculation or unsupported probability does not suffice to establish a plaintiff's claim. See Molinary v. Advance Paper Company, 321 So.2d 815 (La.App. 4th Cir., 1975); Carles v. Hartford Accident and Indemnity Company, 184 So.2d 261 (La.App. 1st Cir., 1966), writ denied, 249 La. 389, 186 So.2d 632 (1966).