383 So.2d 1384 (1980)
Willie P. MONTGOMERY
v.
Jessie M. Sartin, Wife of Willie P. MONTGOMERY.
No. 11076.
Court of Appeal of Louisiana, Fourth Circuit.
May 13, 1980.
*1385 Singerman, Cosentino, Broussard, Toups & Troyer, Olden C. Toups, Jr., New Orleans, for defendant-appellant.
James P. Screen, Anthony J. Milazzo, Jr., New Orleans, for plaintiff-appellee.
Before GULOTTA, SCHOTT and CHEHARDY, JJ.
GULOTTA, Judge.
The defendant wife appeals from a judgment awarding temporary custody of the fourteen-year-old minor, Willie C. Montgomery, to the husband. According to the wife, because the separation suit is pending and no judgment of separation has been granted, the trial judge erred in failing to award custody to the mother absent a finding by the court of "strong reasons to deprive her" of that custody.
It is clear from the record that the minor resided with his father from the date of separation (either May 28, 1979 or June 6, 1979) to the date of the rule (July 6, 1979). It is clear also that the father and the minor live in the family home in the same neighborhood as relatives and friends of the minor, and apparently close to the school the boy attends. Although the mother is gainfully employed at a full-time job while the father is temporarily unemployed while recuperating from a recent operation, the father receives disability payments and rental income. The trial judge stated that he recognized "the paramount right of the mother to the custody of children of tender years," but he concluded such a consideration, in this case, "is out weighed by the fact that the child was fourteen years of age and has been residing with his father."
The wife argues the trial judge erred because he apparently applied LSA-C.C. art. 157 (regarding custody after judgment of separation or divorce) rather than LSA-C.C. art. 146 (regarding pendente lite custody).[1] She contends that, prior to amendment of those articles in 1979, the trial judge had to grant custody to the wife in temporary custody matters unless he *1386 found "strong reasons" (i. e. the wife contends, unfitness of the mother) to deprive her of custody. As pointed out by the wife, the pre-1979 amendment versions of articles 146 and 157 set forth differing tests for custody pendente lite and permanent custody.[2] We agree that, because the suit was filed on June 26, 1979 and the custody rule heard on July 6, 1979, the earlier versions of the codal articles apply because the 1979 amendment had not yet become effective.[3]
Although a number of earlier cases applying the former LSA-C.C. art. 146 have equated "strong reasons to deprive her" with unfitness of the mother, the welfare of the child is always the paramount consideration in custody proceedings. Moreover, LSA-C.C. art. 146 itself, prior to the 1979 amendment, stated that determination of whether there were "strong reasons" to deprive the mother of custody "is left to the discretion of the judge". Furthermore, great weight is accorded to the discretion of trial judge in custody matters and absent a finding of an abuse of that discretion, the judgment will not be disturbed. Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952). We find no such abuse in the instant case.
The trial judge had the opportunity to view the opposing parties and to weigh the effect the change from a settled environment would have on the 14-year-old boy. The judge concluded that it was best for the minor's welfare to remain with his father in the already established home. We find no error.
Accordingly, the judgment is affirmed.
AFFIRMED.
SCHOTT, J., concurs and assigns reasons.
SCHOTT, Judge, concurring:
When this case was tried in July, 1979, it was governed by the following provisions of LSA C.C. Art. 146:
"If there are children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided, it shall be granted to the wife, whether plaintiff or defendant; unless there should be strong reasons to deprive her of it, either in whole or in part, the decision whereof is left to the discretion of the judge." (Emphasis supplied)
Clearly, this article, particularly the emphasized portion, places the burden of proof on the husband to supply "strong reasons" to deprive the wife of custody. The only reasons shown in the testimony are that (1) the husband is recuperating from an injury and will be home with his son; (2) the boy had been living with his father for the one month period between the date these parties separated and the date the rule was tried, so that a change in custody would require him to move; and (3) the father's house may be a little closer to the boy's school than the mother's.
I am not persuaded that these are strong reasons. The father failed to show that he can care for this 14-year old boy in preparing *1387 his meals, caring for his clothing, or supervising his schooling and social activities, in a manner superior to how the mother might perform these duties. The fact that the boy was with the husband for just a month before the trial of the rule has little significance. Finally, the location of the mother's residence is not appreciably farther from the high school this boy attends, considering that the boy will probably use public transportation to go to school. The judgment is not supported by the evidence and is contrary to the law as it existed at the time the rule was tried.
However, the effect of a reversal of that judgment would be counter productive in that Art. 146 has now been amended, effective September 7, 1979, to eliminate the husband's burden to prove strong reasons to deprive the wife of custody. If we were to reverse the judgment the child would be sent to the mother for only a brief period before the husband could provoke a new rule for change of custody under the new law and probably regain custody since the facts, if unchanged from the previous rule, would support the exercise of discretion on the part of the trial judge in awarding custody to the father at this time.
Accordingly, I concur with my colleagues in affirming the judgment of the trial court for practical considerations in the light of the amendment to C.C. Art. 146.
NOTES
[1] Prior to their amendment by Act 718 of 1979, these articles stated as follows, in pertinent part:

"Art. 146. If there are children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided, it shall be granted to the wife, whether plaintiff or defendant; unless there should be strong reasons to deprive her of it, either in whole or in part, the decision whereof is left to the discretion of the judge."
"Art. 157.A. In all cases of separation and divorce, permanent custody of the child or children shall be granted to the husband or the wife in accordance with the best interest of the child or children. * * *"
[2] By Acts 1979, # 718 § 1, Articles 146 and 157 were amended to read as follows, in pertinent part:

"Art. 146. If there are children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided, it shall be granted to the husband or the wife in accordance with the best interest of the children. In all cases, the court shall inquire into the fitness of both the mother and the father and shall award custody to the parent the court finds will in all respects be in accordance with the best interest of the child or children. ..."
"Art. 157.A. In all cases of separation and divorce, and changes of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent. * * *"
[3] The effective date of the 1979 amendment was September 7, 1979.