GARRISON, Judge.
This is an appeal from a judgment of the trial court, dismissing plaintiffs’ slip and fall case on the basis that plaintiff failed to prove that she slipped or fell and that she was injured thereby. From that judgment which we affirm, plaintiff appeals.
On appeal, plaintiff raises factual issues as the basis on which she seeks reinstatement or reversal; plaintiff’s brief enumerates the following as the issues raised on appeal:
“I. Had the Winn-Dixie store been fully swept five to ten minutes before the accident?
II. Did the testimony of Nettie Petit corroborate the testimony of Grace St. Pierre that although Mrs. Kirklin stepped on an okra pod, there was no evidence that she slipped on the okra pod in a manner to cause her injury?
III. Did Mrs. Kirklin make complaints of pain and discomfort at the time of the accident?
IV. Did the plaintiffs-appellants prove that there was evidence of slippage resulting from the accident?
V. Did the plaintiffs-appellants prove that Mrs. Kirklin slipped and injured herself as alleged in her petition?”
On credibility determinations and questions of fact, the trial judge is given considerable discretion. Although, there is some conflicting testimony contained in the record, our independent review of the testimony presented convinces this court that the trial judge was not manifestly erroneous in his factual determinations. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
*88 The trial judge provided this court with six excellent pages of written reasons for judgment which we now incorporate as our own:
“This is a suit for damages for personal injuries resulting from an alleged accident that occurred on or about July 3, 1976. In their petition, the plaintiffs, Mr. James Kirklin and his wife, Dorothy Kirklin, allege that on or about that date, Mrs. Kirklin slipped and fell in a supermarket owned and operated by the defendant, Winn-Dixie Louisiana, Inc. (hereinafter referred to as ‘Winn-Dixie’) located in Gramercy, La. The plaintiffs allege that as Mrs. Kirklin was about to pay for groceries purchased in defendant’s store, she slipped and fell on a foreign object believed to be an okra plant near the cash registers resulting in painful and disabling injuries to her back and neck. It is the plaintiffs’ contention that the accident was caused solely by the negligence of Winn-Dixie in one or more of the several acts or omissions listed in their petition. As a result of the accident, plaintiffs allege that they have incurred damages for medical expenses, physical pain and suffering, and mental anguish and distress and permanent injuries totaling $36,180.00.
In its answer, Winn-Dixie denied that plaintiff’s alleged damages were caused by its negligence and asserted that the sole and proximate cause of the accident was the negligence of Dorothy Kirklin, and, alternatively, that the contributory negligence of Dorothy Kirklin caused the accident.
The trial of this matter was held on June 5, 1979. Testifying at the trial on behalf of the plaintiffs were Dorothy Kirklin and her mother, Mrs. Louvenia Russell. Winn-Dix-ie presented the testimony of Grace St. Pierre and Nettie Petit, two of its employees who were on duty on the date of the accident. It was stipulated prior to trial that plaintiff James Kirklin, if called to testify, would corroborate his wife’s complaints of pain, and that his testimony would not be entered at trial. The medical reports and depositions of Dr. Carl J. Poch and Dr. Joseph M. Nadell were also introduced into evidence by stipulation.
The court must first decide if, as alleged in plaintiff’s petition, an accident did occur. If such an accident did occur, then the court must decide if that accident was caused by the sole negligence of Winn-Dixie, or by the sole negligence of Dorothy Kirklin, or by the combined negligence of both Winn-Dixie and Dorothy Kirklin. Finally if the accident was solely caused by Winn-Dixie negligence, the court must then decide what, if any, damages the plaintiffs are entitled to recover from Winn-Dixie.
From the evidence introduced at trial, it is undisputed that on or about July 3,1976, Mrs. Dorothy Kirklin and her mother, Mrs. Louvenia Russell, went shopping at Winn-Dixie’s supermarket in Gramercy, Louisiana, in this Parish. After choosing the groceries they wanted to purchase, they proceeded toward the check-out counter or cashier to pay for the items they had chosen. Just before they got to the check-out counter, an incident occurred. It is at this point the evidence is contradicting. Basically, the plaintiffs claim that Mrs. Kirklin slipped on an okra pod and received injuries thereby, whereas, Winn-Dixie claims that no such slip or injuries actually occurred. This contradiction presents a fact question for the court to decide and its decision must be based on the most credible evidence introduced.
The plaintiffs’ version of what happened was presented by Mrs. Kirklin and her mother, Mrs. Russell. Mrs. Kirklin testified that immediately prior to arriving at the check-out counter, she actually, slipped on an okra pod located on the floor. She stated that when she stepped on the okra pod, her feet split apart and she fell backwards, twisting her body in the process.
According to her testimony, she did not fall to the floor, but rather was able to keep her balance by holding on the shopper’s cart she was pushing. She stated that Mrs. Grace St. Pierre, an employee of Winn-Dix-ie, approached her and asked if she was hurt and that she felt a pain in her back at *89 the time of the incident. She and her mother then checked out and went home. Mrs. Kirklin further testified that several days after the accident she went to Dr. Carl J. Poche for treatment of the injuries she received in the accident. She stated that she telephoned Mrs. St. Pierre to tell her she was going to seek medical treatment for her injuries and that Mrs. St. Pierre told her that Winn-Dixie’s insurer would pay her doctor bills. Mrs. Kirklin also testified extensively as to the nature of her injuries and the extent of medical treatment she received as a result of her injuries.
Under cross-examination, Mrs. Kirklin admitted that at the time of the accident, she did not ask Mrs. St. Pierre to complete an accident report. She also admitted that since the Winn-Dixie incident she was involved in two automobile accidents, but denied that the subsequent accidents aggravated her earlier injury. She denied that she was injured in any way prior to the Winn-Dixie incident.
Mrs. Louvenia Russell’s testimony substantially corroborated the testimony of her daughter. However, she stated that Mrs. St. Pierre talked to her and her daughter after the accident but she did not remember any specifics of that conversation.
Mrs. Grace St. Pierre was the principal witness to testify as to the defendant’s version of what happened. She testified that she had been an employee of Winn-Dixie for thirteen years at the Gramercy supermarket and that she has several duties around the store including guarding against shoplifters and investigating and making accident reports on accidents that occur on the store premises. She stated that she knew Mrs. Kirklin and her mother since they were frequent customers of Winn-Dixie and that she saw them enter the store on the date of the alleged accident. She did not observe them while they were shopping but stated that Mrs. Kirklin attracted her attention by calling out her name. She saw that Mrs. Kirklin had stepped on a pod of okra and then proceeded to wipe the okra off of Mrs. Kirklin’s shoe. She stated that the okra was dry and not slimy. She was definite in her testimony that she did not see Mrs. Kirklin fall to the floor or slip on the okra pod and that there was no evidence of slippage whatsoever on the floor. She stated that the first time she saw the okra was when Mrs. Kirklin raised her foot. She further testified that when she approached Mrs. Kirklin, Mrs. Kirklin said “I could have slipped,” and Mrs. Russell told her, “My daughter could have slipped.” She was also definite in her testimony that Mrs. Kirklin did not say to her that she did indeed slip on the okra. Mrs. Kirklin did not say that she was in pain nor did she appear in any way to be in pain. She stated if Mrs. Kirklin would have appeared to be in pain, she would have made out an accident report at that time. It was later shown that an accident report was made several days after the incident. She also stated that the store had been fully swept five to ten minutes before the incident.
Mrs. St. Pierre further testified that Mrs. Kirklin called her a few days after the accident and tried to get her to go along with the idea that an accident had happened, but she refused to do so because in her own mind, she felt that no accident had actually happened. She also stated that some time after the alleged accident Mrs. Kirklin came to the supermarket at first appearing to be in pain, but when Mrs. Kirklin did not know she was actually being observed by her she showed no signs of pain at all.
Mrs. Nettie Petit, testifying on behalf of Winn-Dixie, stated that she was the cashier at Winn-Dixie who checked out Mrs. Kirk-lin and her mother on the date of the alleged accident, and that, as she was checking out Mrs. Kirklin, Mrs. Kirklin held up two okra pods and stated to her, “I could have slipped on that.” She also stated that she did not know where those okra pods came from and that Mrs. Kirklin said nothing to her about her actually slipping, nor did Mrs. Kirklin appear to be in any pain or discomfort. She testified that she did not witness the alleged accident. Her testimony basically corroborated the testimony of Mrs. St. Pierre that, although, Mrs. Kirklin *90 obviously stepped on an okra pod, there was no evidence that she slipped on the okra pod in a manner to cause her injury.
Counsel for both parties each did a very commendable job in preparing for this case. The memoranda submitted by each of them were excellent. At the conclusion of the trial the court’s impression was that plaintiff had simply failed to prove her case. In fairness to plaintiff, the court ordered the parties to submit written briefs so that plaintiff could be afforded the opportunity to change the court’s mind.
In his memoranda, counsel for the plaintiffs did an excellent job in researching and setting forth the law on slip and fall tort cases. The law concerning the liability of a store owner in this type of case is clearly set out in the recent case of Kavlich v. Kramer, 315 So.2d 282 (La.1975) where this State’s highest court held that in this type of case, once a customer establishes that a foreign object in a store has caused him to slip, fall, and injure himself, the burden then shifts to the defendant to go forward with the evidence to exculpate itself from the presumption that defendant was negligent. In this case, in order for the burden to shift to the defendant, Mrs. Kirk-lin must affirmatively prove that she slipped and/or fell on a foreign object in defendant’s store and was injured thereby. This is a fact question to be determined by the court. From examining all of the evidence introduced at trial concerning the incident that occurred at Winn-Dixie’s store on or about July 3, 1976, the court is not convinced that Mrs. Kirklin actually slipped on the okra pod and/or caused or received injuries for the reasons given below.
While the court concedes that it is possible to receive injuries from a minor slip if indeed one did occur, and it is possible, although not likely, that one could experience pain two or three days thereafter, in this case, the evidence introduced was such that the court simply cannot accept Mrs. Kirklin’s version of the incident. Although obviously timid, she was not very convincing on the witness stand. There was no convincing evidence that she made complaints of pain or even discomfort at the time of the incident. There were no truly independent witnesses to the alleged accident. Although the court believes that Mrs. Kirklin did step on an okra pod, there was no convincing evidence of slippage which could have conceivably caused her injuries.
On the contrary, the testimony of Mrs. St. Pierre was very positive and was corroborated by the testimony of Mrs. Nettie Pet-it. The court looked at Mrs. St. Pierre’s testimony very cautiously and with some degree of reservation because of the strong attitude she exhibited to the effect that Mrs. Kirklin was fraudulently presenting a claim. But when Mrs. St. Pierre’s testimony is viewed objectively it supports the fact that Mrs. Kirklin simply walked on the okra pod and did not actually slip on the okra pod. Furthermore, Mrs. St. Pierre and Mrs. Petit were positive in their testimony that Mrs. Kirklin stated to them at different times, that she “could” have slipped on the okra. Although Mrs. St. Pierre’s testimony concerning the, date she made the accident report is inconsistent with what actually happened, the court does not feel that such fact should completely discredit her otherwise, positive testimony. The court is convinced that if, in her own mind, Mrs. St. Pierre would have believed Mrs. Kirklin had slipped and possibly injured herself on the okra pod, because of her experience and company policy, she would have completed an accident report at the time the plaintiffs allege the accident happened.
Furthermore, Mrs. St. Pierre testified that some time after the accident, Mrs. Kirklin entered the store and did not appear to be injured. All of this evidence leads the court to accept Winn-Dixie’s version of what happened.
Since the court is not convinced that Mrs. Kirklin did indeed slip and injure herself as alleged in her petition, the shifting of the burden of proof as required in the Kavlich case, supra, does not take place and there is no need for the defendant to exculpate itself from the presumption that it was negli *91 gent. Furthermore, the plaintiffs have failed to prove that the negligence of the defendant in any way caused the injuries complained of. Because of such lack of proof by the plaintiffs, the court is not required to and does not express any opinion as to the extent and nature of Mrs. Kirklin’s injuries.
For the reasons discussed, the judgment of the trial court is affirmed.

AFFIRMED.