422 So.2d 680 (1982)
Alfred V. DAVIS, Plaintiff-Appellee,
v.
Camillia Spilker DAVIS, Defendant-Appellant.
No. 82-295.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
Harrington & Harrington, Eric R. Harrington, Natchitoches, for defendant-appellant.
Don M. Burkett, Many, for plaintiff-appellee.
Before FORET, CUTRER and STOKER, JJ.
STOKER, Judge.
This appeal results from the trial court's award of permanent custody of the parties' minor children to the husband after a hearing on a rule to show cause. The husband had been granted provisional custody pending the hearing. A judgment was rendered granting a divorce to Mr. Davis as well as permanent custody, but only the portion of *681 the judgment awarding custody was appealed. We conclude that the trial court did not commit manifest error and did not abuse its discretion in finding that an award of permanent custody to the husband was in the best interests of the children.

FACTS
Mr. Davis remains in the house which is the former matrimonial domicile and with which the children are familiar. It is a single family dwelling in rural Sabine Parish. Living nearby are the husband's parents, who are willing to care for the children when Mr. Davis is away. The older child will catch the bus at her paternal grandparents' home to go to school each morning and return there in the afternoon. A next door neighbor testified that he, also, would be able to look after the children in an emergency.
Mutual friends of both Davis' testified that Mr. Davis was a good father and their testimony indicates that he is quite capable of caring for the children's needs.
Mrs. Davis currently lives in a two bedroom apartment in an apartment complex in Natchitoches. Her arrangements for taking care of the children while she is working or in an emergency are not as well planned as Mr. Davis. She testified she had a friend who might be able to take care of the children on the two nights a week that she works, but she was no more specific than that. Although Mr. Davis would occasionally be away over night, the grandparents or neighbor would take care of the children. Mrs. Davis' testimony indicates that making arrangements to get the children to and from school and a Day Care Center would be a hardship and possibly detrimental to her work.
Mrs. Davis testified that Mr. Davis and the older child, Veronica, age five and one-half years at the time of the trial, have a close relationship and that Mrs. Davis has a hard time with her. In fact, Mrs. Davis voluntarily gave Mr. Davis custody of Veronica after she had left the home with the children and found she could not cope with Veronica. Although the six month old is not old enough to have developed an affection for one parent or the other, the trial judge said he would be loathe to separate the children.

ARGUMENT
Appellant, Mrs. Davis, contends the trial judge erred in giving undue emphasis in the explanation of his ruling to Mrs. Davis' illicit and continuing affair with a married co-worker. Although it is true that illicit sexual activity alone is not sufficient to deprive a parent of custody, its detrimental effects on the children can be rightfully considered in the determination of what is in the best interests of the children.
On two occasions, Mrs. Davis' co-worker spent most of the night at her apartment. On the first occasion, both children were present at the apartment. On the other occasion, the younger child was there. Mrs. Davis admitted that sexual intercourse took place on one of those occasions. The trial judge concluded that in view of this evidence and the testimony of Mrs. Davis regarding the continuing nature of this affair that such exposure would be detrimental to the children.
Counsel for Davis strenuously urges that we give special consideration to Mrs. Davis' position as mother of the two children. Although recognizing that the maternal preference rule formerly embodied in LSA-C.C. art. 146 has been legislatively abolished, counsel still urge that the mother should be given preference assuming all other factors are equal. Counsel stresses the pronouncement of Thornton v. Thornton, 377 So.2d 417 (La. 2nd Cir.1979) quoted in Burch v. Burch, 398 So.2d 84 (La.App. 3rd Cir.1981). That pronouncement was:
"The legislative amendments do not, however, do away with the real life fact, based on human experience, that it is often, in many if not most family circumstances, in the best interest of young children to be cared for by their mother. This nonmaterial concept remains a factor to be considered, along with many *682 others, and will often compete with more materialistic factors that favor the father. It is correct, however, that this concept does not create a preference or presumption in favor of the mother that must be overcome by proof of the mother's unfitness or incapability."
While this concept is a factor to be considered, it is only a factor. In Thornton itself the court said: "It is correct, however, that the concept does not create a preference or presumption in favor of the mother that must be overcome by proof of the mother's unfitness or incapacity." (Emphasis supplied.)
In this case it may be a close question as to what will properly serve the best interests of the children. Nevertheless, there are substantial factors in favor of the father and his home situation as against the mother and her situation.

CONCLUSION
Without deciding this case on the basis of the conduct of the mother in engaging in the affair with her co-worker, we are of the opinion that the trial court arrived at the proper decision. Considering all the facts of this case, especially the relationship of Mrs. Davis with the older child, the trial court did not commit manifest error.

DECREE
For the foregoing reasons, the part of the judgment appealed from is affirmed, and it is further ordered, adjudged, and decreed that appellant pay all costs of this appeal.
AFFIRMED.