422 So.2d 592 (1982)
Harold Lee GUILLORY, Plaintiff-Appellee,
v.
CAMERON OFFSHORE SERVICES, INC., Defendant-Appellant.
No. 82-240.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
Rehearing Denied December 28, 1982.
*593 Simon, Peragine, Smith & Redfearn, Daniel J. Caruso, New Orleans, for defendant-appellant.
Jones, Jones & Alexander, J.B. Jones, Jr., Cameron, for plaintiff-appellee.
Woodley, Barnett, Cox, Williams & Fenet, Earl G. Pitre, Lake Charles, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
*594 DOMENGEAUX, Judge.
The plaintiff, Harold Lee Guillory, filed this tort action seeking damages for injuries he suffered on September 17, 1980, when he slipped and fell on a bulkhead owned by the defendant Cameron Offshore Services, Inc. The defendant answered the plaintiff's petition and filed a third party action against Cameron Crew Boats, Inc., plaintiff's employer, claiming indemnity or contribution for any amounts that it might be forced to pay in damages to Guillory. Cameron Crew Boats subsequently reconvened against both Cameron Offshore Services and Harold Guillory praying for a credit or lien of $4,958.29 against any judgment obtained by the plaintiff, in order to compensate for certain medical expenses and maintenance payments which it had previously made to Guillory.
The trial court found Cameron Offshore Services liable to Harold Guillory for damages in the amount of $22,802.16 with interest, and to Cameron Crew Boats in the sum of $1,310.00 plus legal interest. The Court taxed all costs, including $100.00 in expert fees, against Cameron Offshore Services, and denied all other demands and claims in the action.
Cameron Offshore Services suspensively appealed from the judgments of the trial court. Guillory filed an answer to the appeal, seeking an increase in the amount awarded to him, on June 16, 1982. Cameron Crew Boats also answered the appeal on June 18, 1982, asking for an increase in the damages awarded to it. The defendant thereafter filed a motion to dismiss the answers to the appeal, on the basis that they were filed too late to be considered on appeal.

ON DEFENDANT'S MOTION TO DISMISS
La.C.C.P. Article 2133 provides that an answer to an appeal stating the relief demanded must be filed ".... not later than fifteen days after the return day or the lodging of the record whichever is later..." Here, the appeal was lodged on May 6, 1982, and the return date was May 10, 1982. Thus, the answers of Guillory and Cameron Crew Boats were required no later than May 25, 1982. However, neither answer was filed until some three weeks thereafter. Therefore, the answers were filed too late and thus cannot be considered by this Court. See Deliberto v. Deliberto, 400 So.2d 1096 (La.App. 1st Cir.1981); Mitchell Brothers v. Dinvaut, 374 So.2d 199 (La.App. 4th Cir.1979), writ denied 376 So.2d 1271 (La.1979).

ON THE MERITS
At the time of the accident, plaintiff was employed as boat captain with Cameron Crew Boats, for whom he had worked for nearly nine years. On September 17, 1980, plaintiff was specifically assigned to the M/V CAPTAIN CHARLES in order to offload equipment for Union Oil Company, who had chartered the boat that day.
Cameron Offshore Services operates a facility on the bank of the Calcasieu Ship Channel in Cameron Parish, Louisiana. They supply fuel and equipment to companies with offshore drilling operations. They also load and unload supplies onto and off of boats such as the M/V CAPTAIN CHARLES, which service such offshore platforms.
On the day of the accident, the plaintiff had arrived at the Cameron facility in order to offload an old tubing hanger and pick up a new one. The record indicates that it had been drizzling that day, and that there was some water on the bulkhead cap at the facility. It became necessary for the plaintiff to disembark from the boat onto the Cameron Offshore Services premises in order to find someone who could help unload the equipment. The plaintiff testified that there was nothing aboard the boat which could be used as a gangplank to help him exit directly from the ship onto the land, so he was forced to step first on the bulkhead and then to the ground. As the plaintiff stepped off the boat and onto the bulkhead cap, he slipped and fell, striking his left leg on the edge of the cap. He was subsequently treated for injuries to his leg, including a fractured tibia.
*595 Plaintiff alleged in his petition that his injury was proximately caused by the fault and negligence of the defendant, Cameron Offshore Services. He based this on the assertion that the defendant negligently allowed diesel fuel to remain on the bulkhead, creating an unusually slippery and hazardous condition which allegedly caused him to fall and injure himself. Defendant, on the other hand, sought to avoid liability by arguing that there was no proof of the existence of any diesel fuel on the bulkhead cap at the spot where the plaintiff slipped. Defendant further alleged that plaintiff's injury was due either to his own fault for failing to maintain a proper lookout for his own safety, or, conversely, to the negligence of Cameron Crew Boats for failure to provide the plaintiff a safe manner of ingress and egress from the vessel.
During the course of the trial, the plaintiff testified that just after he slipped on the bulkhead, he noticed that the surface of the cap was slick. He then stated that he smelled the palms of his hands and detected the odor of diesel fuel on them. Furthermore, he testified that the spot where he slipped was located five to six feet away from a diesel fueling station. However, he also said that he couldn't tell whether or not there was diesel on the cap prior to stepping on it, since he never saw any signs of the substance on the bulkhead.
The defendant sought to countermand the plaintiff's allegations by showing that there couldn't have been any diesel fuel on the bulkhead. The rationale behind this contention was that had there been any fuel on the cap, it would have formed a dark, noticeable stain on the surface of the bulkhead, which had been previously covered with a coal tar epoxy paint.
Cameron Offshore Services sought to demonstrate the implausibility of the plaintiff's argument by introducing the testimony of Mr. Gary Kelly, Terminal Manager for the company. He testified that he inspected the area where Guillory fell some thirty minutes after the accident and was unable to find any stains or other traces of diesel fuel on the bulkhead. He also stated that the fuelhands were under orders to immediately clean up any fuel that was spilled on the premises. The procedure for removing diesel fuel was to use sandblasting sand or some other type of absorbant to soak up the matter. The defendant thereby inferred that the plaintiff's slip was solely attributable to the rain water that was present on the bulkhead that day, and not to the presence of any foreign substance on the cap.
The trial judge resolved the apparent contradiction between the testimony of Guillory and that of Gary Kelly by concluding that there was actually no inconsistency whatsoever. He stated that there was no reason to doubt the credibility of Harold Guillory and Gary Kelly's testimony. Therefore he determined that someone must have gone to the trouble of removing the fuel during the short period between the moment of accident and the time that Kelly returned to inspect the cap. He thereby found Cameron Offshore Services liable for allowing a foreign object to remain on the bulkhead cap, creating an unreasonable and foreseeable risk to persons disembarking from vessels at the facility.
The defendant submits on appeal that the trial judge's conclusion was manifestly erroneous in that it was clearly unsupported by the evidence. He argues that the court exceeded the scope of the evidence presented in the case in order to draw a factual conclusion that was never propounded by either the plaintiff or the defendant and which was in no way supported by the record.
We are unable to agree with the defendant. In the recent case of Hickman v. Miller, 405 So.2d 612 (La.App. 3rd Cir. 1981), this Court concluded that it would "... not disturb reasonable evaluations of credibility and inferences of fact simply because another result might be just as reasonable." Only where the record establishes that the finding of the trial court is clearly wrong can such decisions be disturbed by the appellate courts. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Kirklin v. Winn-Dixie Louisiana, Inc., 391 So.2d 87 (La.App. 4th Cir.1980).
*596 While the theory propounded by the defendant may be entitled to some merit, we do not feel that it is the only plausible explanation for the plaintiff's accident. Our careful review of the facts of this case leads us to conclude that the trial judge was not clearly wrong in his factual determinations. Therefore, we affirm the judgment holding Cameron Offshore Services liable to Harold Guillory.
Defendant further argues that the trial court erred in failing to rule on its third party petition against Cameron Crew Boats. It claims that if the holding of the trial court with regard to its own liability is affirmed, that judgment should also be rendered against Cameron Crew Boats for contribution as a joint tortfeasor. Defendant bases this on the theory that a shipowner has the duty to provide a safe manner of ingress and egress to and from a vessel to persons working on it, citing Toddy v. Arkansas Valley Dredging Company, 470 F.Supp. 692 (E.D.Ark.1979) as authority. Defendant alleges that the failure of Cameron Crew Boats to provide a gangplank or board on which Guillory could have safely exited from the ship constituted a breach of this duty.
Initially, we deem it necessary to point out that contrary to the defendant's position, the trial court did indeed rule on the third party claim that Cameron Offshore made against Cameron Crew Boats by summarily denying it in the judgment. But furthermore, while we agree that a shipowner has a duty to provide a safe manner of ingress and egress from his vessels, we do not feel that Cameron Crew Boats breached such duty in this case. The absence of a gangplank or board on the boat did not prevent Guillory from making what would have otherwise constituted a reasonably safe exit. Guillory clearly testified that the M/V CAPTAIN CHARLES was perfectly flush with the bulkhead at the time that he stepped off of the boat, such that it was unnecessary for him to step up or step down from the boat to the cap. Furthermore, plaintiff demonstrated that the space between the vessel and the bulkhead was only a foot and a half to two feet in length. While such space might not have been covered by Guillory in a normal footstep, we do not feel that it was unsafe for him to stretch a few inches further to bridge the distance. Thus we cannot fault the trial court for dismissing defendant's third party claim against Cameron Crew Boats.
The defendant finally argues that the trial court erred in ignoring evidence regarding the contributory negligence and assumption of a known risk by Harold Guillory. It claims that had the plaintiff used the handles present on the bulkhead bit to steady himself and taken other necessary precautions as he egressed from the vessel, he could have avoided slipping on the bulkhead and injuring himself. It also claims that the presence of rain water on the cap should have alerted him to the necessity of taking safety measures in disembarking from the ship, and that he assumed a known risk by failing to take such steps.
Our review of the facts leads us to conclude that the trial judge was correct in determining that the plaintiff was not contributorily negligent and did not assume a known risk. We find the record devoid of facts sufficient to demonstrate that the plaintiff was negligent for failing to grab onto the handles extending out from the bits on which the boat was tied. The defendant was never able to prove that the plaintiff's hands were completely free as he left the ship, and that he was not holding onto the ship's handrail as he disembarked. Furthermore, we have already concluded earlier that the step that the plaintiff took was one that could have been safely made, even with the presence of rainwater on the bulkhead, had there not been diesel fuel on the cap. Therefore, the plaintiff's claim of contributory negligence and assumption of a known risk were properly dismissed.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs at trial and on appeal are assessed against the defendant, Cameron Offshore Services, Inc.
AFFIRMED.