434 So.2d 681 (1983)
Mukesh C. PATEL, Plaintiff-Appellant,
v.
Mary Gail MOODY, Defendant-Appellee.
No. 83-78.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1983.
Robert P. Waddell, Shreveport, and Peter C. Piccione, Lafayette, for plaintiff-appellant.
L. Paul Gianfala, Lafayette, for defendant-appellee.
*682 Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
DOMENGEAUX, Judge.
On December 4, 1981, Mukesh C. Patel, plaintiff-appellant, filed a petition seeking a separation from bed and board from Mary Gail Moody, defendant-appellee, herein. The petitioner sought further to be awarded temporary care, custody, and control of the two minor children of the marriage, namely Asha Dawn Patel and Kishan Allen Patel. On January 6, 1982, a default judgment was rendered in favor of the plaintiff, decreeing a separation from bed and board between him and the defendant. In said judgment, the custody of the two minor children was awarded "... to both plaintiff and defendant, jointly, for as long as both parties mutually agree ..." In addition, the plaintiff was ordered to pay $350.00 per month to the defendant as child support.
Subsequent to the judgment of separation, the parties entered into an agreement with respect to the provisions of the judgment dealing with child support and joint custody. That agreement provided in pertinent part:
"Said judgment also provided for joint custody of the minor children, Asha Dawn Patel and Kishan Allen Patel; that appearers herein agree that since the child, Asha Dawn Patel, is presently residing with appearer, Mukesh C. Patel, the support payments will be reduced to $220.00 per month for as long as said child resides with her father, said reduction to take effect February 15, 1982.
It is understood between the parties that this agreement is for the benefit of the minor child, Asha Dawn Patel, in order that she may continue to attend school in St. Martin Parish until the end of the school year, at which time said child will then reside with her mother in Lafayette Parish."
On August 13, 1982, the defendant filed a rule to: (1) have past due child support payments for the months of June, July, and August of 1982 in the sum of $390.00 made executory; (2) have permanent custody of the two minor children changed to her; (3) have child support payments increased to $700.00 per month; (4) have awarded to her attorney's fees of $1,000.00 in addition to condemning the plaintiff to pay all costs of the suit, as well as having the plaintiff held in contempt of court.
After trial of the rule, judgment was rendered in favor of the defendant, granting her permanent custody of the minor children and ordering the plaintiff to pay the defendant $420.00 per month in child support. The judgment further ordered the plaintiff to pay $780.00 in child support arrearages, representing not only arrearages in child support from June through August of 1982, but also arrearages from September through November, 1982, as well.[1] The rules for contempt and attorney's fees filed by the wife were denied, and all costs were assessed against the plaintiff. Subsequent to this adverse judgment, the plaintiff has devolutively appealed.
On appeal, the plaintiff makes four specifications of error which will be consolidated herein into two particulars, to-wit: That the trial court erred in condemning him to pay the sum of $780.00 as past due child support, and that the trial court erred in granting the change of custody of the two minor children to the defendant by in effect applying the "maternal preference rule" rather than considering the best interest of the children.[2] We will treat each of these allegations individually.

*683 ERROR NO. 1
Mukesh C. Patel argues that he should not be condemned to pay $780.00 in child support arrearages. He bases this contention on the post separation agreement entered into by the defendant and himself on February 15, 1982, in which both parties agreed that child support payments would be reduced to $220.00 per month for as long as Asha Dawn Patel resided with her father.
Mary Gail Moody, on the other hand, maintains that her husband reneged on their agreement and thus owes her past due child support payments. She avers that according to the express language of the agreement, the clear purpose was to insure that Asha Dawn Patel could continue to attend school until the end of the school year, after which time she would then reside with her mother.
An agreement between divorced parents to suspend the mother's right to receive child support payments while the father supports and maintains the child is enforceable if it promotes the best interest of the child. Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Davis v. Davis, 405 So.2d 594 (La.App. 3rd Cir.1981). Although the agreement in this case was between two persons who were merely separated rather than divorced, we see no reason not to extend the ruling of Dubroc to their agreement as well. There is no dispute between the parties concerning the validity of their agreement. Furthermore, there is nothing in the record which demonstrates that it did not serve the best interest of Asha Dawn Patel. We therefore conclude that the agreement is enforceable.
So concluding, it is thus our opinion that the district court properly awarded the defendant $780.00 in child support arrearages. To hold in favor of the plaintiff on this issue would be to ignore the provisions of the agreement calling for Asha Dawn Patel to reside with her mother at the end of the school year. Nothing in the record indicates that the parties ever modified this portion of the agreement, or that Mary Gail Moody ever waived her right to have her daughter reside with her at the end of the school year. Therefore, we reject the arguments propounded by the plaintiff.

ERROR NO. 2
With reference to the district judge's ruling to change custody of the minor children from joint custody to sole custody in favor of the defendant, the plaintiff initially contends that the case should be remanded back to the trial court in light of the passage of Act 307 of 1982, effective January 1, 1983, which amended Articles 146 and 157 of the Civil Code. He maintains that this case should be reconsidered in light of the new priorities set forth in these amended articles concerning change of custody.
Prior to January 1, 1983, La.C.C.Arts. 146 and 157 allowed a court to award parents joint custody of the children of the marriage, provided that:
(1) both the husband and the wife agreed to joint custody, and
(2) the court deemed joint custody to be in the best interest of the children. Joint custody was neither mandated nor given preference under the codal provisions prior to January 1, 1983.
However, according to La.C.C. Arts. 146 and 157 as amended by Act 307 of 1982, effective January 1, 1983, an entirely new scheme was devised to govern the determination of permanent custody in all cases of separation and divorce, and change of custody after an original award. An order of preference in awarding custody was established, requiring the court to grant custody according to the best interest of the children:
(1) to both parents jointly;
(2) to either parent;
*684 (3) if to neither parent, to the person or persons in whose home the child has been living in a wholesome and stable environment; or
(4) to any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment. La.C.C. Art. 146(A). Additionally, a rebuttable presumption was established that joint custody is in the best interest of a minor child, unless the parents agree to an award of custody to one parent or the court finds that joint custody would not be in the best interest of the child. La.C.C. Art. 146(C).
However, since Act 307 of 1982 did not go into effect until January 1, 1983, over a month after judgment was rendered on the defendant's rule, the plaintiff cannot avail himself of the newly amended custody provisions. To allow Act 307 to be applied in this case would directly contravene the express mandate of the Legislature, as specifically stated in Section 3 of the Act:
"The provisions of this Act shall not be construed to automatically modify existing custody orders and agreements in effect on January 1, 1983."
For these reasons, the plaintiff's claim is without merit.
Plaintiff argues further that the trial judge erred in applying the jurisprudential "maternal preference rule" in changing custody to the defendant, rather than basing the award on the "best interest of the child". He bases this claim on a portion of the district judge's "Reasons for Judgment" in which he stated, "At the present time the mother no longer wishes to have joint custody with the father and she is entitled to have sole custody awarded to her." According to the plaintiff, the only inference that can be drawn from the above statement is that the defendant obtained custody simply because she wanted it.
We cannot agree with the plaintiff's assertions. While the presumption in favor of the mother in child custody cases was abrogated by amendments to Articles 146 and 157 of the Civil Code, such amendments did not do away with the real life fact, based on human experiences, that it is often, in many if not most family circumstances, in the best interest of young children to be cared for by their mother. Thornton v. Thornton, 377 So.2d 417 (La. App. 2nd Cir.1979); Burch v. Burch, 398 So.2d 84 (La.App. 3rd Cir.1981). This consideration is clearly one of the factors involved in determining the "best interest of the child".
Based on this, we feel that the statements made by the district judge in his "Reasons for Judgment" merely represented a factual finding, based on all the evidence presented and all factors involved, that it was in the best interest of the minor children to be placed with the defendant. Our courts have held many times that in custody matters great weight is to be accorded to the determination of the trial judge, and that absent a finding of abuse of discretion, the judgment will not be disturbed. Burch, supra; Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). In the instant case, we are unable to discern an abuse of discretion on the part of the trial judge. Thus we cannot say that he was in error in changing custody to the sole control of the defendant.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs are assessed against Mukesh C. Patel.
AFFIRMED.
NOTES
[1] La.C.C.P. Art. 3945 provides:

"When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony."
See also Rivers v. Rivers, 402 So.2d 733 (La. App. 4th Cir. 1981) and the cases footnoted therein.
[2] The defendant also made a specification of error on appeal; e.g., that the trial court erred in denying her prayer for attorney's fees. However, she did not file an answer to the plaintiff's appeal within the fifteen day time limit described in La.C.C.P. Art. 2133. Thus, her claim cannot be considered by this Court. Guillory v. Cameron Offshore Services, Inc., 422 So.2d 592 (La.App. 3rd Cir. 1982).