541 So.2d 301 (1989)
Timothy Paul BADEAUX, Sr.
v.
Cindy Ann Mollere BADEAUX.
Nos. 88-CA-771, 88-CA-772.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1989.
Becnel, Landry & Becnel, Mary Hotard Becnel, LaPlace, for appellant.
Lloyd J. LeBlanc, Jr., LaPlace, for appellee.
Before CHEHARDY, C.J., and GRISBAUM and GOTHARD, JJ.
CHEHARDY, Chief Judge.
In these consolidated suits, Timothy Paul Badeaux, Sr., appeals from the trial court's modification of a consent judgment by reduction of his visitation time with his minor child T.J. (Timothy Paul, Jr.). He argues *302 that the change in visitation is contrary to the best interest of the child. We affirm.
Timothy Paul Badeaux and Cindy Ann Mollere Badeaux were married on April 11, 1986; their son T.J. was born on October 8, 1986. On January 21, 1988 Cindy Badeaux petitioned for separation from her husband, alleging his cruel treatment toward her and contending that on the previous day he had taken T.J. from the family home and refused to disclose his whereabouts. She sought sole custody of her son. In a separate suit, Timothy Badeaux sought separation, contending that his wife's conduct rendered living together insupportable. He requested that T.J. be domiciled with him and sought the imposition of a joint custody decree.
The trial court issued a temporary restraining order in response to the mother's petition and placed the minor child in the temporary custody of Cindy Badeaux. The suits were consolidated. Thereafter, pursuant to entry of a consent judgment on March 30, 1988, the court awarded joint custody of T.J. to both parents, with physical custody to Cindy Badeaux. It established visitation periods for Timothy Badeaux, Sr., as follows: (1) every other weekend from 6 p.m. Friday until 6 p.m. Sunday; (2) every Wednesday from 9 a.m. to 5 p.m. when the father is not working and from 6 p.m. until 8:30 p.m. when the father is working; (3) one week during the month of June, one week during the month of July, and one week during the month of August (total three weeks); and (4) specified holidays.
On May 31, 1988, a separation a mensa et thoro was granted between the parties on the ground of mutual fault. On Cindy Badeaux's motion to modify the father's visitation privileges, the trial court altered the weekend visitation to run from Saturday at 8 a.m. to Sunday at 6 p.m.; discontinued the Wednesday evening visits; reduced the summer visitation to one week in June and one week in July, for a total of two weeks; and approved the remainder of the consent judgment. Timothy Badeaux appeals and assigns the following as error.
The trial court relied on the outmoded maternal preference rule; the trial court reduced appellant's visitation rights without valid reasons to support the change; the judgment rendered was contrary to the best interest of the child; and the judgment signed does not conform to the judgment orally rendered.
While a judgment of joint custody contemplates a sharing of physical contact with the child, a fifty-fifty sharing of time is not mandated. Each case must be viewed on its particular circumstances. Plemer v. Plemer, 436 So.2d 1348 (La.App. 4 Cir.1983). LSA-C.C. art. 146(E) allows for the modification of a joint custody order in the "best interest" of the child. In accordance with the statute, the trial judge assigned both oral and written reasons[1] in revising the father's visitation.
He based his decision first on the fact that the child was "of tender years". This is not, as appellant complains, a prohibited application of the "maternal preference rule". Cindy Badeaux testified that as a result of the Wednesday evening visits, the child's sleeping and eating schedules were disrupted. When T.J. returned from weekend visits with his father, he was upset and often crying. He had difficulty adjusting on his return from the June week-long visit. The trial court found as a fact that the best interest of the child, who was then 20 months old and still in diapers, dictated that he should spend more time with and in the care of his mother than his father. We agree. See Patel v. Moody, 434 So.2d 681 (La.App. 3 Cir.1983); Burch v. Burch, 398 So.2d 84 (La.App. 3 Cir.1981).
Cindy Badeaux stated that her son had contracted bronchial asthma and was subject to repeated upper respiratory infections for which he received antibiotics. Timothy Badeaux testified that he, his mother and his step-father, with whom he lived when T.J. visited, were smokers. He admitted knowing that exposure to cigarette smoke was bad for the child. While noting the love and affection of the father for his son, the trial judge cited the cigarette *303 smoking and its effect on the child's health as a further reason for limited visitation.
In all cases involving a child custody judgment, great weight is accorded to the discretion of the trial court. Our review of the record below reveals no abuse of that discretion. Accordingly, we shall not interfere in the judgment modifying the terms of visitation. Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Finch v. Finch, 479 So.2d 473 (La.App. 1 Cir.1985); Hickman v. Hickman, 459 So.2d 140 (La.App. 2 Cir.1984).
For the reasons assigned, we affirm the judgment of the district court. Costs are assessed against the appellant.
AFFIRMED.
NOTES
[1] We find no conflict in the court's oral and written reasons.