EDWARDS, Judge.
Plaintiff-appellant, Timothy Childs, has filed a motion to strike the answer filed on behalf of defendants-appellees, Louisiana State University and Thomas Ficara.
Childs filed this suit against Ficara and Ficara’s employer, LSU. After a trial on the merits, the court rendered judgment against Ficara, finding that he had breached a contract in which he promised employment to Childs. However, the court dismissed Childs’ claim against LSU, holding that Ficara had no apparent authority to bind LSU.
Childs appealed the judgment dismissing his suit against LSU. Although Ficara did *553 not appeal, an answer styled on behalf of both LSU and Ficara was filed which sought reversal of the judgment against Ficara. Childs moved to strike defendants’ answer, contending that because Childs appealed the judgment only insofar as it dismissed his suit against LSU, Ficara is not an appellee and therefore has no right to file an answer. In its opposition to Childs’ motion, LSU states that its answer was intended to be filed only on its own behalf and not on behalf of Ficara. Consequently Ficara is not a party to this appeal, having neither answered nor appealed.
Childs urges that LSU cannot by its answer obtain a reversal of the judgment against Ficara, since an answer can have no legal effect on one who is not a party to the appeal.
An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant.... The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer.
LSA-C.C.P. art. 2133 (emphasis added).
Under article 2133, an answer does not have the effect of an appeal as to any portion of the judgment rendered either in favor of, or against, a party who has not appealed. Francois v. Ybarzabal, 483 So.2d 602 (La.1986). The judgment finding Ficara liable was not rendered against LSU, and therefore it cannot be reviewed pursuant to LSU’s answer to the appeal. Consequently, the motion to strike the answer is granted insofar as it seeks reversal of the judgment against Ficara. Nevertheless, this does not necessarily preclude review of issues relating to Ficara’s liability. See Vicknair v. Hibernia Building Corp., 479 So.2d 904 (La.1985).
MOTION GRANTED.