591 So.2d 1238 (1991)
George Joseph CONSTANCE, Jr.
v.
JULES ALBERT CONSTRUCTION, INC. and Jules G. Albert, Jr.
No. 91-CA-0384.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1991.
Rehearing Denied February 12, 1992.
Claude C. Lightfoot, Jr., Lilley & Light-foot, Metairie, for plaintiff/appellant.
Orr Adams, Jr., The Law Firm of William J. Wegmann, Metairie, for defendants/appellees.
Before SCHOTT, C.J., ARMSTRONG, J., and GULOTTA, J. Pro Tem.
JAMES C. GULOTTA, Judge Pro Tem.
In this suit for "tortious interference" with the sale and assumption of certain real property, plaintiff appeals from a trial court judgment maintaining an exception of no cause of action, dismissing plaintiff's suit. We reverse.
On April 29, 1982, Jules Albert Construction, Inc., by an act of sale and mortgage, sold to Mr. & Mrs. William R. Seay, Jr. unit no. 4 of Chateau Lis condominiums in New Orleans, Louisiana. The property was sold by the Seays by an act of sale and assumption to George Joseph Constance, Jr., on April 27, 1984. Constance asserts that he attempted to sell the property by an act of sale and assumption to Kathleen Miller on April 10, 1987 and to Martin Eilers on July 28, 1989.
Plaintiff claims that Jules Albert, Jr., a corporate officer of/and Jules Albert Construction, Inc. intentionally interfered with plaintiff's efforts to sell the property by informing the prospective purchasers that it would become necessary for them to prepare and submit to the Construction Co., mortgagee, a credit application for approval by the company's attorney. The prospective purchasers, in two separate purported sales, were also advised that they were "constricted" from renting the property for two years.
As a result of these demands, according to plaintiff, both acts of sale and assumption fell through.
Plaintiff now asserts that his suit for breach of contract, tortious interference with the contract and alternatively, for declaratory judgment and recision of the mortgage, was erroneously dismissed on an exception of no cause of action. Plaintiff claims that because the act of mortgage did not contain a "pact de non alienando" defendant did not have the right to approve any subsequent resale with assumption. By requiring the potential buyers to submit a credit application and asserting a restriction from renting the property, plaintiff argues, defendants breached their mortgage *1239 contract. According to plaintiff, actions for "tortious interference with contractual relations" were recognized by the Louisiana Supreme Court in the landmark case of 9 to 5 Fashions, Inc. v. Peter L. Spirney, 538 So.2d 228 (La.1989).
In the 9 to 5 Fashions case, the Supreme Court recognized the existence of the cause of action for tortious interference. In that case, the Supreme Court set forth five separate elements for courts to consider in those cases. The court stated:
For purposes of analysis, the action against a corporate officer for intentional and unjustified interference with contractual relations may be divided into separate elements: (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.
In 9 to 5 Fashions a uniform supplier for the Louisiana World's Fair brought an action against a corporate officer alleging that the officer interfered with the supplier's contract by unreasonably delaying the award of the contract thereby resulting in the supplier's loss of profit. Referring to La.Civil Code article 2315, the 9 to 5 Fashion's court stated that a corporate officer owes an obligation to one having a contractual relationship with the corporation not to commit acts intentionally which caused the corporation to breach the contract or to make performance more difficult or burdensome unless the officer had "reasonable justification" for his actions.
We find no such justification in the instant case. Under the mortgage contract between plaintiff's predecessor and the construction company, plaintiff had the right to sell the property on an assumption basis without obtaining the consent of the company. When Albert, as corporate officer of the company, contacted the prospective purchaser and sought information to which he was not entitled he interferred with plaintiff's rights under the contract. Because of this unauthorized action, according to the petition, plaintiff had suffered damage.
When testing the five elements set forth in the 9 to 5 Fashions case, we find that all are met. The allegations in our case set forth all of the necessary elements. First, it is stipulated that the mortgage contract exists between the parties and that the corporate officer had knowledge of the existence of the contract. In connection with the third element, the allegations clearly state that the corporate officer's actions prevented plaintiff from selling the property on two separate occasions. Clearly the allegations meet the third element i.e., that the intentional act rendered the performance of the contract more burdensome.
Likewise, the fourth element is met. The petition alleges an absence of justification on the part of the corporate officer when he intentionally and knowingly imposed upon the prospective purchasers non-existent requirements. Clearly, absence of justification is alleged here.
Finally, plaintiff alleges that by reason of the failure of the passage of the acts of sale and assumption, plaintiff has suffered damages.
We point out, at this juncture, that we are concerned here with the exception of no cause of action. On remand, proof of plaintiff's allegations may or may not stand the test. Nonetheless, we conclude that sufficient allegations are contained in plaintiff's petition to sustain a cause of action for "tortious interference".
We are not persuaded by defendants' claim that plaintiff has a cause of action against the prospective purchasers rather than against them. In this connection, Constance may or may not have the right to assert such a claim. However, this is of no moment in the instant case.
*1240 We do not find our holding to be in conflict with Tallo v. Stroh Brewery Co., 544 So.2d 452 (La.App. 4th Cir.1989). In Tallo plaintiffs negotiated with National Beverage Company to purchase its wholesale beer distributorship. Included in the purchase agreement was the seller company's wholesale agreement with Stroh Brewery Company, the defendant. As an element of the purchase, plaintiffs sought Stroh's approval of the purchase insofar as it affected the new purchaser's control over the wholesale agreement involving Stroh. The agreement provided that while the approval by Stroh of any changes was necessary Stroh could not unreasonably withhold its approval of a proposed change. The petition alleged that Stroh arbitrarily and unreasonably withheld its consent to the control change resulting in an intentional and willful interference with plaintiffs' contractual agreement resulting in damages to plaintiff.
In holding that plaintiff asserted no cause of action, the Tallo court concluded that no privity of contract existed between plaintiffs and the defendant Stroh Brewery Company. Because the purported sale in Tallo was between plaintiffs and a third party beverage company, involving separate agreements, the court concluded that no cause of action was viable against the defendants for contractual tortious interference.
Defendants claim the holding in Tallo compels the same result in the instant case. We do not agree. While the mortgage contract in the instant case was separate from the purported sale and assumptions to third and fourth parties and neither Albert nor the construction company were parties to those contracts, (as was the case in Tallo) nonetheless, the plaintiffs in Tallo do not occupy the same position and fall into the same category as the prospective purchasers in the instant case. The prospective purchaser in Tallo filed the suit. That plaintiff was not a party to the contract between the seller and the defendant company. The same fact scenario would exist in the instant case if the plaintiffs had been the prospective third and fourth party purchasers who intended to buy the property and assume the mortgage. But they are not the plaintiffs in the instant case. The plaintiff in our case, different from the Tallo case, directed the suit against the defendant mortgagee who was a party to the contract of mortgage. Following the rationale of Tallo no cause of action would lie in the instant case if the prospective purchasers claimed tortious interference by the mortgagee. No privity exists between those third and fourth party purchasers and the mortgagee in the instant case.
In Tallo, the plaintiff had no standing in a cause of action based on a contractual tortious interference where no privity of contract existed between plaintiffs and the defendant. In that respect one might characterize plaintiffs' position as lack of capacity or right of action. Accordingly we find Tallo inapplicable to the instant case.
Having so concluded, we reverse and set aside the judgment of the trial court. The matter is remanded for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.