GRISBAUM, Judge.
This is a suit for damages for personal injuries sustained in a physical altercation. From a judgment in favor of the plaintiff, the defendant-insurance company has appealed. We affirm and remand.
ISSUES
We are called upon to determine three specific questions:
(1) Whether the plaintiffs answer to the appeal may be considered wherein issues are raised concerning non-appealing parties,
(2) Whether the jury’s factual finding that the defendant-insured did not intend to cause the plaintiff’s resulting injuries is manifestly erroneous, thereby falling outside the scope of the intentional injury exclusion in his homeowner’s insurance policy, and
(3) Whether the closing arguments of the attorney for the defendant improperly influenced the jury’s factual findings.
BASIC RECORD FACTS AND PROCEDURAL HISTORY
In early July 1984, the plaintiff, Scott Yount (Scott), his brother, Louis Dean Yount, Jr. (Dean), and a friend, Peter Wan-ek (Peter), were vacationing in Destín, Florida, with a few other friends. On the evening of July 4, 1984, as the three young men were walking along the beach, returning to their hotel room, Peter was struck in the back by a bottle rocket, which fell to the ground and exploded at his feet, causing no injury.
Peter immediately turned to find a group of young men, namely, William Maisano (Billy), John “Bo” Maisano (Bo), Charles “Casey” Pommels (Casey), and John Dur-nin (John), seated on the beach. He approached them, with Scott and Dean following, seeking an explanation for what had happened. Casey and Peter exchanged words and a minor altercation ensued, whereby Casey and John both struck Peter. Peter, Scott and Dean then retreated from the scene and continued walking along the beach.
Peter, whose lip was bleeding, was quite angry about the incident and, after being handed a stick found by Scott, returned to resume the confrontation. He was followed by Scott and Dean. As he approached the other group, John grabbed the stick from his hand and Bo struck Peter with it. Evidently, Scott then struck Bo in the face, and, according to Scott, he turned and ran away. However, according to the versions of Bo, Billy, and Casey, Billy tackled Scott as he tried to run, and Bo struck Scott a few times before Scott eventually ran away.
After this second altercation, Scott, Dean, and Peter ran a distance down the beach and stopped to rest. It was then that Scott discovered that his shorts’ pocket had been torn and that his wallet and keys were missing. He and Dean began to retrace their path along the beach in an effort to find the lost items. Peter did not accompany them. During this time, Bo, Billy, Casey, and John had unsuccessfully tried to find a friend’s condominium. They, too, began walking to the area of the beach in which the previous confrontations had taken place.
When Bo then saw Scott walking on the beach, he quickened his pace ahead of the others and jumped on Scott without warning. Scott fell to his hands and knees and Bo repeatedly punched and kicked him, while Scott offered little or no resistance. After a short period of time, Billy pulled Bo off of Scott, and the altercation ended.
Scott and Dean then returned to meet Peter, at which point they realized that Scott needed medical attention, and an ambulance was summoned. Scott was brought to Humana Hospital in Destín, Florida, where he received temporary treatment for his facial injuries. The following day,, he was transported to Hotel Dieu Hospital in New Orleans, where he received further medical treatment and underwent surgery.
*1385 Suit was filed by Scott and his father, Royce Yount, against Bo Maisano, Billy Maisano, Dr. Joseph Maisano (in his capacity as the father of his minor son, Billy), Casey Pommels, and Catherine Authement (in her capacity as the mother of her minor son, Casey Pommels). Bo Maisano filed a third-party demand against his homeowners insurer, United Services Automobile Association (USAA), which denied coverage under an intentional tort exclusion contained in its policy.
A jury trial on the matter was held in July 1991, wherein the jury returned a verdict in favor of Scott Yount. Accordingly, a judgment was rendered awarding him the sum of $160,000, finding liability on the part of Bo Maisano, Billy Maisano, Casey Pommels, and USAA, as the insurer of Bo and Billy Maisano. After motions for new trial were filed by all parties, the trial court entered another judgment, awarding Mr. Yount $160,000 against Bo Maisano and USAA. From this judgment, USAA appeals, contesting coverage under its policy. Counsel for Mr. Yount answered the appeal, contesting the dismissal of Dr. Maisa-no and Ms. Authement in their capacity as being vicariously liable for the acts of their minor sons and the failure of the trial court to find that Billy Maisano, Casey Pommels, and Bo Maisano caused, assisted, or encouraged another to do a negligent or intentional act. The answer further sought an increase in the damage award. Bo Maisano and Dr. Maisano also answered the appeal, seeking an increase in the attorney’s fees.
ANALYSIS — ISSUE ONE
We first note the only party to appeal was the third-party defendant, USAA. The plaintiff, Mr. Scott Yount, did not file an appeal; rather, he answered USAA’s appeal and attempts to have the judgment modified and/or revised with respect to parties other than USAA.
La.C.C.P. art. 2133, in pertinent part, provides as follows:
A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appéal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee’s action.
According to the statute, therefore, it is abundantly clear that
by answering an appeal, an appellee, without filing an appeal on his own behalf, may seek relief from any portion of the judgment rendered against him in favor of the appellant. [Indeed, our jurisprudence has demonstrated that this article] does not ... give to an answer the effect of an appeal with respect to any portion of the judgment rendered against [the original appellee] in favor of a party not an appellant.
Shelton v. Aetna Casualty and Surety Co., 334 So.2d 406, 411 (La.1976) (emphasis as found in the original) (citations omitted). See also Francois v. Ybarzabal, 483 So.2d 602 (La.1986); Vicknair v. Hibernia Building Corp., 479 So.2d 904 (La.1985); Childs v. Ficara, 515 So.2d 552 (La.App. 1st Cir.1987).
Counsel for Mr. Yount contends that, by virtue of its appeal, USAA has raised all issues of insurance coverage in the appeal. Specifically, he argues that the issue of “whether USAA also has insurance coverage for the acts of William ‘Billy’ Maisano” is before this court for review. We disagree.
It is well-settled that an answer to an appeal only permits modification or revision of the judgment between the answer *1386 ing party and the appellant. Mitchell Bros. v. Dinvaut, 374 So.2d 199 (La.App. 4th Cir.1979), writ denied, 376 So.2d 1271 (La.1979). Here, in order for Mr. Yount to obtain relief against non-appealing parties, such as Dr. Maisano, Billy Maisano, Casey Pommels, and Catherine Authement, Mr. Yount was required to file his own motion for appeal and not simply answer USAA’s appeal. See Francois, supra, at 606. Therefore, the judgment in favor of and dismissing Dr. Maisano, Casey Pommels, and Catherine Authement and finding Billy Maisano’s percentage of fault to be zero is final and definitive. See Vicknair, supra, at 907.
ANALYSIS — ISSUE TWO
Under the USAA policy at issue, an exclusion for liability is made for “bodily injury or property damage: (a) which is expected or intended by the insured.” The trial court, apparently finding that the exclusion did not apply and that, therefore, the policy afforded coverage, entered judgment against USAA. We agree.
The Louisiana Supreme Court, in Bre-land v. Schilling, 550 So.2d 609 (La.1989), stated that
[t]he purpose of the intentional injury exclusion is to restrict liability insurance coverage ... to an insured in circumstances where the insured acts deliberately and intends or expects bodily injury to another. The exclusion is “designed to prevent an insured from acting wrongfully with the security of knowing that his insurance company will ‘pay the piper’ for the damages."
Id. at 610 (citations omitted).
Furthermore, “[t]he purpose of liability insurance ... is to afford the insured protection from damage claims. Policies should be construed to effect, not deny, coverage.... [Thus,] [a]n exclusion from coverage should be narrowly construed.” Id. at 610 (citations omitted). See also Simpson v. Angel, 598 So.2d 584 (La.App. 4th Cir.1992), writ denied, 605 So.2d 1091 (La.1992).
The Breland court, in considering a virtually identical exclusionary clause, found
“[t]he phrase ‘bodily injury ... which is expected or intended,’ emphasized that an excluded injury is one which the insured intended, not one which the insured caused, however intentional the injury-producing act.” Id. at 611 (emphasis as found in the original). The clause at issue in Breland next provided “ 'from the standpoint of the Insured,’ ” (Id. at 611) which is similar to USAA’s “expected or intended by the insured.” This phrase, it found, “emphasizes ... that it is the insured’s subjective intention and expectation which delimit the scope of the exclusion ... [and] determine which injuries fall within and which fall beyond the scope_” Id. at 611. Importantly, the Breland court stated:
We hold, therefore, that when minor bodily injury is intended, and such results, the injury is barred from coverage. When serious bodily injury is intended, and such results, the injury is also barred from coverage. When a severe injury of a given sort is intended, and a severe injury of any sort occurs, then coverage is also barred. But when minor injury is intended, and a substantially greater or more severe injury results, whether by chance, coincidence, accident, or whatever, coverage for the more severe injury is not barred. Whether a given resulting bodily injury was intended “from the standpoint of the insured” within these parameters is a question of fact. Such factual determinations are the particular province of the trier of fact, in this instance the trial jury.
Id. at 614.
Additionally, it is well-settled that whether the actual injury was intended by the insured is a question of fact to be decided by the fact finder. Keathley v. State Farm Fire & Casualty Ins. Co., 594 So.2d 963 (La.App. 3d Cir.1992); Baugh v. Redmond, 565 So.2d 953 (La.App.2d Cir. 1990). Furthermore, the trier of fact is in the best position to evaluate the testimony of the witnesses, and its factual findings cannot be disturbed on appeal, absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
*1387 Our review of the record indicates that the jury was given much evidence on the subjective intent of the defendant, Bo Mais-ano. Bo, who admitted to drinking alcoholic beverages on the date of the incident, testified he was not looking for Scott, who had struck him only a short time before; however, when he saw Scott, his anger built up and he attacked him. He stated he did not intend to cause serious, permanent injuries, but, rather, was overcome by a “furious frenzy.”
Given the totality of the circumstances in light of the evidence adduced at trial, we conclude, as reasonable men, that there was a reasonable, factual basis for the jury’s conclusion that Scott Yount’s serious injuries were neither intended nor expected by the insured, Bo Maisano. Accordingly, we are not compelled to disturb the jury’s factual finding.
ANALYSIS — ISSUE THREE
Counsel for USAA contends that Bo Maisano’s attorney made inappropriate statements during his closing argument which were highly prejudicial and improperly influenced the jury. The following statements, in particular, are challenged:
Now, I’m going to tell you to think about it without getting into details of what the language of the policy is and what the law is and the Judge is going to tell you about that and I’ll discuss it with you a little further. Carry that to a logical conclusion. You bought an insurance policy for your car. That’s the easiest one to think about and you were in a hurry, and you were speeding and you caused an accident and you’re at fault. You hit the pedestrian. You didn’t see him. You couldn’t stop. You were speeding. If USAA were approached and you were sued and you say, gee, USAA defend me and if I was wrong pay these damages for me. That’s why I’ve been buying insurance all these years. USAA could say, now wait a minute. If you speed you know you’re apt to cause an injury, very liable to cause an injury. That’s why there are speed laws to keep you from causing an injury and if you cause an injury they re going to cause damages.
Our jurisprudence indicates that, even where an argument is improper, any impropriety is cured by the jury instruction that argument of counsel is not evidence. See Palmer v. Goudchaux/Maison Blanche, Inc., 588 So.2d 737 (La.App. 5th Cir.1991), writ denied, 590 So.2d 1186 (La.1992); Streeter v. Sears, Roebuck and Co., Inc., 533 So.2d 54 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1255 (La.1989). The record clearly demonstrates that the trial judge timely informed the jury that the arguments of counsel are not the law and the jury is not bound by them. Hence, we find no reversible error.
We note that counsel for Scott Yount has, without briefing the issue, asked for an increase in the damage award of $160,000, representing $100,000 in general damages and $60,000 in special damages. Our jurisprudence clearly indicates that the trier of fact is accorded much discretion in assessing damages, and its assessment should not be disturbed absent an abuse of discretion. Smith v. S. Pac. Transp. Co., Inc., 467 So.2d 70 (La.App. 4th Cir.1985). After reviewing the record in its entirety, we find that an award of $160,000 is not manifestly erroneous.
Additionally, the attorneys for Bo Maisa-no and Scott Yount suggest that the judgment be amended so as to reimburse Bo Maisano’s attorney for reasonable attorney’s fees.
Indeed, the insurer’s obligation to defend suits against its insured is determined by the allegations of the injured plaintiff’s petition with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Meloy v. Conoco, Inc., 504 So.2d 833 (La. 1987). Our Court has stated that if the allegations of the petition are sufficient to impose a duty to defend the insured upon the insurer yet the insurer fails or refuses to do so, then its refusal to provide that defense renders it liable for the expenses which the insured is compelled to incur in defending the action, including reasonable *1388 attorney’s fees. Alambro v. Salman, 536 So.2d 764 (La.App. 5th Cir.1988).
We find the allegations of the petition do not unambiguously exclude coverage. Furthermore, in his third-party demand, Bo Maisano indicates that a demand for defense and indemnity were made on USAA but to no avail. It follows, therefore, that Bo Maisano, the insured, was owed a defense by USAA. Accordingly, USAA is held liable. Since we have no evidence pertaining to these matters, we are compelled and do hereby remand for an eviden-tiary hearing.
Finally, counsel for Bo Maisano asks for attorney fees for the preparation and handling of the matter on appeal. Accordingly, we conclude that $3,000 is a reasonable fee for reviewing the transcript, preparing a brief, and actually appearing before this Court.
For the reasons assigned, the judgment of the trial court is hereby affirmed. It is further ordered, adjudged and decreed that $3,000 be awarded to counsel for Bo Maisa-no for the preparation of and the actual appearance for the appeal. Finally, the matter is remanded for the sole purpose of having an evidentiary hearing to determine the amount of attorney's fees at the trial court level and related expenses owed to the attorneys for Bo Maisano. All costs of this appeal are to be assessed against the appellant.

AFFIRMED AND REMANDED