IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-30906
Summary Calendar

K P'S AUTO SALES INC; KENNETH J PHIPPS

Plaintiffs-Appellants

v.

GENERAL MOTORS CORP

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CV-31

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The alleged disclosure of confidential information, while the Plaintiffs attempted to buy a car dealership, drives this appeal. Plaintiffs-Appellants K.P. Auto Sales Inc. ("K.P.") and Kenneth J. Phipps ("Phipps") (collectively, "Plaintiffs") argue that Defendant-Appellee General Motors Corporation ("GM") improperly disclosed confidential information while the Plaintiffs sought to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purchase a Cadillac dealership. The district court granted summary judgment in favor of GM. For the following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs owned a successful GM franchise in Jennings, Louisiana. They then sought to enter the Cadillac business. On February 28, 2005, K.P. and Phipps executed a purchase agreement with ADG, Inc. ("ADG") to buy ADG's Lake Charles Cadillac franchise. Before the parties could finalize the sale, however, GM needed to approve the transfer of the dealership to K.P. and Phipps. As part of the approval process, Phipps submitted to GM confidential business and financial information.

The Plaintiffs allege that sometime between February 28, 2005, and April 11, 2005, GM disclosed K.P.'s and Phipps's confidential information to William Navarre ("Navarre"), a rival auto dealer who operated in the same marketplace.[1] Navarre then submitted a purchase proposal with more favorable terms. GM notified the Plaintiffs that it might exercise its right of first refusal, which would have blocked the sale of ADG's dealership to the Plaintiffs. Subsequently, the Plaintiffs withdrew their purchase agreement with ADG.

Having lost entry into the Cadillac market, the Plaintiffs turned to litigation, bringing suit in Louisiana state court against both GM and Navarre. They alleged that GM improperly disclosed confidential information to Navarre, in violation of ADG's dealer agreement with GM. Specifically, they argued that they are third-party beneficiaries of the dealer agreement, and that GM breached the implied covenant of good faith and fair dealing and that GM tortiously interfered with their business relations. GM and Navarre removed the case to federal court based on diversity jurisdiction, asserting that the

---

[1] GM asserts that it gave Navarre only a copy of the purchase agreement between the Plaintiffs and ADG, as allowed under the GM-ADG dealer agreement, because GM was considering whether to assign its right of first refusal to Navarre.

Plaintiffs had improperly joined Navarre, the only nondiverse defendant. The Plaintiffs did not challenge this removal.

Both defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court converted the motion into a motion for summary judgment under Federal Rule of Civil Procedure 56 and invited the parties to submit additional evidence. The court then granted summary judgment in favor of both GM and Navarre, concluding that the Plaintiffs are not third-party beneficiaries under the GM-ADG dealership agreement and that the claim for tortious interference with business relations is time barred. The Plaintiffs appeal only the ruling in favor of GM.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over the district court's order granting summary judgment to GM pursuant to 28 U.S.C. § 1291.

This court reviews de novo a district court's summary judgment order. Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 332 (5th Cir. 2005). We will affirm the district court's decision to grant summary judgment if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Richardson, 434 F.3d at 332. Because this case is in federal court based on diversity jurisdiction, we must follow Louisiana's substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Ashland Chem. Inc. v. Barco Inc., 123 F.3d 261, 265 (5th Cir. 1997).

## III. DISCUSSION

A. Third-Party Beneficiary

In Louisiana, a contract that benefits a third party includes a "stipulation pour autrui." See Joseph v. Hosp. Serv. Dist. No. 2, 939 So. 2d 1206, 1208 (La. 2006). The Louisiana Supreme Court, in Joseph, articulated a three-part test to determine if a contract contains a stipulation pour autrui and thereby confers rights in favor of a third party. Id. at 1212. First, the stipulation for a third

3

party must be "manifestly clear." Id. Second, there must be "certainty as to the benefit provided the third party." Id. Finally, the benefit must not be a "mere incident" of the agreement between the contracting parties. Id. "In applying these criteria, we ultimately rely on the words of [LA. CIV. CODE ANN. art. 1978] that the contract must 'stipulate a benefit for a third person.'" Id. Expounding upon this requirement, the court noted that

> [t]he most basic requirement of a stipulation pour autrui is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof. A stipulation pour autrui is never presumed. The party claiming the benefit bears the burden of proof.

Id. (internal citations omitted).

Here, the Plaintiffs argue that two provisions in the GM-ADG dealer agreement stipulate a benefit in favor of those seeking to purchase ADG's dealership. Section 12.2 of the agreement states that "[i]f Dealer proposes . . . a change in ownership, . . . [GM] will consider Dealer's proposal and not arbitrarily refuse to approve it . . . ." Section 11.4 states that "[GM] agrees not to furnish any personal or financial data submitted to it by Dealer to any non-affiliated entity unless authorized by Dealer . . . ." Contrary to the Plaintiffs' assertion, neither provision manifests a clear intention to benefit a third party.

First, Section 12.2 benefits a Dealer—here ADG—who asks GM to approve a change in ownership, assuring the Dealer that GM will not arbitrarily refuse to approve the sale. The provision does not contemplate potential buyers, such as the Plaintiffs. Second, Section 11.4 states that GM will protect the confidential information that the Dealer submits. The provision does not provide any protection to a third party. Finally, another provision of the GM-ADG dealer agreement, Section 17.9, directly undercuts the Plaintiffs' argument. That section, titled "No Third Party Benefit Intended," states, "This agreement

4

is not enforceable by any third parties and is not intended to convey any rights or benefits to anyone who is not a party to this Agreement."

Thus, the language of the dealer agreement demonstrates that it fails to meet the test from Joseph for a stipulation pour autrui. See LA. CIV. CODE ANN. art. 2046 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."). The contract does not provide a benefit that is "manifestly clear," and there is no "certainty as to the benefit provided." Joseph, 939 So. 2d at 1212; see also Tallo v. Stroh Brewery, Co., 544 So. 2d 452, 454-55 (La. Ct. App. 1989) (holding that a provision in a beer distributorship contract that the beer provider "will not unreasonably withhold its approval of a proposed control change" of the distributorship did not create a stipulation pour autrui in favor of the would-be purchaser of the distributorship). In fact, the dealer agreement does just the opposite, specifically averring that the contract does not provide any benefits to a third party. Additionally, because the Plaintiffs are not parties to the contract and are not third-party beneficiaries, there is no implied covenant of good faith and fair dealing between the Plaintiffs and GM that GM could have breached. Accordingly, the district court properly granted summary judgment in favor of GM on this basis.[2]

B.    Tortious Interference with Business Relations

The district court held that the Plaintiffs' claim for tortious interference with business relations is time barred.[3] The prescription period for delictual or

---

[2] We also reject the Plaintiffs' argument that they are entitled to additional discovery on this issue, as the Plaintiffs did not seek a continuance from the district court under Federal Rule of Civil Procedure 56(f). See Potter v. Delta Air Lines, 98 F.3d 881, 887 (5th Cir. 1996) ("If Mrs. Potter needed more discovery in order to defeat summary judgment, it was up to her to move for a continuance pursuant to rule 56(f). Because she did not, she is foreclosed from arguing that she did not have adequate time for discovery.").

[3] On appeal, the Plaintiffs also assert that they timely filed their claims for violations of the Louisiana Unfair Trade Practices Act, but they filed this claim only against Navarre, not

tort actions under Louisiana law is one year. LA. CIV. CODE ANN. art. 3492. This one-year period commences on the date of the injury. Id. Here, the Plaintiffs alleged in their complaint that GM disclosed the confidential information to Navarre sometime between February 28, 2005, and April 11, 2005. They also asserted that GM notified them that GM was considering exercising its right of first refusal around the same time that Navarre received the information, causing them to withdraw their offer to purchase ADG's Cadillac dealership. Therefore, the one-year prescriptive period began, at the latest, on April 11, 2005, and expired on April 10, 2006. The Plaintiffs filed their claim on November 30, 2006, over six months too late. Thus, the district court properly granted summary judgment in favor of GM on this claim.[4]

## IV. CONCLUSION

The district court was correct to conclude that the Plaintiffs' argument had, metaphorically speaking, run out of gas. The Plaintiffs failed to demonstrate that they are third-party beneficiaries of the GM-ADG contract. Additionally, their claim for tortious interference is time-barred. Accordingly, we AFFIRM the district court's grant of summary judgment in favor of GM.[5]

AFFIRMED.

---

GM, and they did not appeal the district court's dismissal of Navarre.

[4] Just as we rejected the Plaintiffs' argument for additional discovery on the third-party beneficiary claim, we also reject their argument for discovery on the tortious interference claim, as they did not seek discovery with the district court under Rule 56(f).

[5] The Plaintiffs raise a new argument on appeal, asserting that GM violated the Automobile Dealer's Day in Court Act, 15 U.S.C. § 1222. As the Plaintiffs did not present this argument to the district court, it is waived. See, e.g., Lemaire v. Louisiana, 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal.").